IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**BOBBIE RAY EDWARDS,**
    **Petitioner,**

v.                                         **Civil Action No.: 3:17-CV-119**
                                                                       **(GROH)**

**JOE COAKLEY, Warden,**
    **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On September 29, 2017, the *pro se* Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1[1]. Petitioner is a federal inmate housed at Hazelton USP who is challenging the validity of his conviction and sentence imposed in the United States District Court for the Eastern District of Virginia. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II.    FACTS[2]

#### A.    Petitioner's Conviction and Sentencing

On August 10, 2010, an indictment was returned against Petitioner and 34 co-defendants in the Eastern District of Virginia, case number 4:11-CR-55. On November 7, 2011, Petitioner was named in Counts 1, 3, 6, 7, 11, 12, 16, 17, 23, 24 and 40, of a

---

[1] All CM/ECF references are to the instant case, 3:17-CV-119, unless otherwise noted.

[2] All CM/ECF references in Facts sections II.A., II.B and II.C. refer to entries in the docket of Criminal Action No. 4:11-CR-55, Eastern District of Virginia, unless otherwise noted. The information taken from Petitioner's criminal docket in the United States District Court for the Eastern District of Virginia is available on PACER.

1

superseding indictment. Petitioner was charged with several crimes[3] in connection with controlled substances distribution. ECF No. 536.

On May 29, 2012, the Government filed a notice of Armed Career Criminal Status as to Petitioner. ECF No. 954. On June 5, 2012, Petitioner's trial began [ECF No. 957], and on June 11, 2012, the jury found Petitioner guilty of all counts in which he was named in the superseding indictment. ECF No. 967.

A Presentence Investigation Report ("PSIR") was filed on September 13, 2012. ECF No. 1011. Petitioner filed his objections on September 27, 2012, and a final presentence investigation report was filed October 11, 2012. ECF Nos. 1024, 1041. On October 19, 2012, Petitioner was sentenced by the District Court to imprisonment for life plus 60 months. ECF No. 1051 at 3. This sentence was comprised of the following: life imprisonment for Counts 1 and 24; a term of 240 months of imprisonment for Counts 3, 16, 17 and 40; a term of 480 months of imprisonment for Counts 6, 7, 11 and 12, all to be served concurrently; and a term of 60 months on Count 23 to be served consecutively to all other sentences. Id.

**B.     Direct Appeal**

On November 2, 2012, Petitioner filed a notice of appeal with the Fourth Circuit in that court's docket number 12-4877. ECF Nos. 1053, 1056. As grounds for his appeal, Petitioner raised two grounds: (1) that the district court erred in denying Petitioner's motion to suppress evidence seized during a traffic stop and, (2) the district

---

[3] The specific charges against Petitioner were: conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin and methadone, in violation of 21 U.S.C. § 846 (Count 1); seven counts of distribution and possession with intent to distribute heroin and methadone, in violation of 21 U.S.C. § 841(a)(1) (Counts 3, 6, 7, 11, 12, 16, 17); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 23); one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (Count 24); and witness intimidation, in violation of 18 U.S.C. § 1512(b) (Count 40).

court erred in denying his request to represent himself. Id. at 2. By unpublished per curiam opinion entered on July 25, 2013, the Fourth Circuit affirmed the Petitioner's conviction. ECF No. 1113. Petitioner filed a petition for a writ of certiorari in the United States Supreme Court which was denied on October 15, 2013. ECF No. 1422 at 1.

### C. Petitioner's Attempts for Post-Conviction Relief

On May 1, 2014, Petitioner filed a *pro se* motion to vacate his conviction pursuant to 28 U.S.C. § 2255. ECF No. 1138. Petitioner filed two motions to amend the motion to vacate. ECF Nos. 1142, 1154. The Eastern District of Virginia issued an order entered on May 20, 2016, which denied Petitioner's § 2255 motion. ECF No. 1422. The order noted that Petitioner asserted seven ground for relief, five of which alleged ineffective assistance of counsel, with the remaining alleging prosecutorial misconduct and abuse of discretion by the trial court. Id. at 1 – 2. The ineffective assistance of counsel claims were broadly considered as two types of claims, one against trial counsel and the second against appellate counsel. Id. at 4. Petitioner claimed sixteen instances of ineffective assistance of trial counsel, all of which were determined to lack merit. Id. at 4 – 5. He further claimed appellate counsel failed to investigate omissions on the trial record, to investigate ineffective assistance of trial counsel and to appeal alleged errors by the Court. Id. at 6. Petitioner claimed four instances of prosecutorial misconduct. Id. at 7. Petitioner's final claim was that the trial court abused its discretion when it admitted allegedly perjured testimony by nine witnesses, and when it admitted unfairly prejudicial cumulative evidence. Id. at 9. The Court found that "the record contains sufficient factual matter showing conclusively that Petitioner is not entitled to relief." Id. at 10. The Court further denied Petitioner's

motion [ECF No. 1359] for issuance of a certificate of appealability. Id. at 11.

On June 6, 2016, Petitioner filed a notice of appeal of the denial of his motion to vacate with the Fourth Circuit, in that court's docket number 16-6763. ECF Nos. 1426, 1428. By unpublished per curiam opinion issued December 22, 2016, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. ECF No. 1487. On March 20, 2017, the Fourth Circuit denied Petitioner's petition for rehearing. ECF No. 1495. On April 21, 2017, Petitioner sought a writ of certiorari from the United States Supreme Court in docket number 16-9039, which petition was denied on June 5, 2017. ECF Nos. 1504, 1510.

### D. Instant § 2241 Petition

Petitioner articulates four grounds for relief, which essentially assert three claims: (1) that the prosecutor used false and perjured testimony at trial [ECF No. 1-1 at 3]; (2) that the prosecutor committed misconduct during closing arguments [Id. at 5 and 9]; and (3) that the jury instructions were improper [Id. at 7]. Petitioner claims he is factually innocent of witness intimidation and seeks to be released from custody, or alternatively to have an evidentiary hearing. Id. at 10. Petitioner asserts that § 2255 is inadequate or ineffective to test the legality of his detention because of a "violation of constitution[al] law pursuant to 28 U.S.C. [§§] 2241(c)(3) and 2243." ECF No. 1 at 9.

Petitioner filed a 10-page typewritten memorandum of law in support of his petition. ECF No. 1-1. Although the memorandum does not conform to the requirements of the Local Rules of Prisoner Litigation Procedure, the Court has reviewed and considered the arguments contained therein. The petition itself

4

challenges only Petitioner's confinement, however, the memorandum attacks his sentence and conviction. Id.

At its essence, the petition argues four grounds which are all appropriate for disposition under § 2255.  First, Petitioner claims that perjured testimony was used to convict him.  ECF No. 1-1 at 3.  This topic was addressed[4] in the § 2255 petition which the Eastern District of Virginia denied.  Second, Petitioner claims that there was prosecutorial misconduct in the closing arguments.  ECF No. 1-1 at 5.  This topic was also addressed[5] in the § 2255 petition which was previously denied.  Third, Petitioner claims that:

> There was a "nexus" requirement in the jury instructions [ ] ([om]itted by the court reporter in transcription), where it was insufficient for the prosecutor to show that defendant intended to affect some hypothetical future federal proceedings for "witness intimidation"

ECF No. 1-1 at 7.  Although not the epitome of clarity, it appears that Petitioner believes that the trial court should have given certain instructions to the jury, but those instructions were neither given by the trial court, nor included in the transcript by the court reporter.  In support of this claim, Petitioner discusses the July 3, 1992, homicide which apparently served as the basis for the witness intimidation charge which Petitioner was convicted of committing.  ECF No. 1-1 at 8 – 9.  Petitioner failed to assert any issue concerning jury instructions in his direct appeal or in this § 2255 motion.

---

[4] The District Court found that "Petitioner has provided no proof that the Government used misleading or false testimony or that the testimony prejudicially affected Petitioner's substantial rights." E.D.Va. 4:11-CR-55, ECF No. 1422 at 8.

[5] The District Court noted that, "Petitioner's argument fails because he has demonstrated no error by the Assistant United States Attorney [during opening and closing statements]. . . . Furthermore, trial counsel and appellate counsel certify that the Government's opening and closing statements did not warrant an objection." E.D.Va. 4:11-CR-55, ECF No. 1422 at 8 – 9.

E.D.Va. 4:11-CR-55, ECF No. 1113 at 2. Fourth, Petitioner separately claims that the prosecutor's closing arguments were improper. Id. at 9. Again, this matter was addressed in the § 2255 petition which was previously denied.

### III. LEGAL STANDARD

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is

without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[6] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.  Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

---

[6] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[7] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that

---

[7] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

a. The date on which the judgment of conviction becomes final;
b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

> the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Further, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241. . . as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

9

## IV. ANALYSIS

Petitioner does not seek relief under any permissible ground in his § 2241 petition. The four grounds asserted by Petitioner provide that the prosecutor acted improperly and that the trial court improperly admitted certain evidence, resulting in his conviction. He seeks to be released from custody, arguing that he is factually innocent of witness intimidation. ECF No. 1-1 at 10. His claims are unrelated to either the execution of sentence or calculation of sentence by the Bureau of Prisons. Instead his claims relate to the validity of the conviction and sentence imposed in the Eastern District of Virginia which are issues properly contested either on direct appeal or in a § 2255 proceeding. Therefore, the instant petition is actually an attempt to obtain relief available under § 2255, and should be treated as such.

A prisoner "will not be allowed to recast, under the guise of collateral attack, questions fully considered by [previous] courts." Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Three of Petitioner's four claims were previously fully considered by other courts and may not be considered under the guise of collateral attack here. Accordingly, this Court will only address Petitioner's third claim regarding the district court's jury instructions. However, as previously noted, Petitioner did not raise the issue of jury instructions in his direct appeal with the Fourth Circuit. E.D.Va. 4:11-CR-55, ECF No. 1113. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent'." Bousley v. U.S., 523 U.S. 614 (1998) (citations omitted). Although Petitioner claims he is "factually innocent" of witness tampering, he does not assert

such a claim regarding the other ten felonies he was convicting of committing. Moreover, other than using the phrase "factually innocent", Petitioner demonstrates no facts to support that claim of innocence. Rather, Petitioner discusses various errors which he claims were committed by counsel and the trial court in the trial. Additionally, Petitioner does not claim any change in the law which would now render him actually innocent of any of the crimes of conviction.

Further, although Petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application. When considering any ground which challenges Petitioner's conviction, this Court must first apply the Jones standard to his claims. Even if Petitioner satisfied the first and the third elements of Jones, all of the crimes for which Petitioner was convicted remain criminal offenses: distribution of controlled substances, pursuant to 21 U.S.C. §§ 841 and 846; possession of a firearm in furtherance of a drug trafficking crime, pursuant to 18 U.S.C. § 924; possession of a firearm by a felon, pursuant to 18 U.S.C. § 922; and witness intimidation, pursuant to 18 U.S.C. § 1512. Therefore Petitioner cannot satisfy the second element of Jones. Consequently, to the extent Petitioner attacks the validity of his conviction, he fails to establish that he meets the Jones requirements, and cannot demonstrate that § 2255 is an inadequate or ineffective remedy.

The remaining issues, grounds 1, 2 and 4, asserted by Petitioner in his § 2241 petition, are matters properly considered in a § 2255 motion[8]. Because Petitioner cannot meet the savings clause of § 2255, Petitioner's claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the Petition.

---

[8] For the reasons set forth above, even if Petitioner's arguments were considered on their merits under the savings clause of § 2255, Petitioner cannot meet the Jones or Wheeler tests in order to pursue this matter under § 2241.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.　RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's section 2241 petition [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** September 19, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE