# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**BOBBIE RAY EDWARDS,**

    Petitioner,

**v.**                                                   **CIVIL ACTION NO.: 3:17-CV-119**
                                                             **(GROH)**

**JOE COAKLEY, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 16. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on September 19, 2018. In his R&R, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed without prejudice.

## I. BACKGROUND

On September 29, 2017, Bobbie Ray Edwards ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In his petition, the Petitioner argues he is "actually and factually innocent on count # 40 'Witness Intimidation'." ECF No. 1-1 at 10. As grounds for relief, Petitioner alleges false and perjured testimony was admitted at trial, there was prosecutorial misconduct during closing arguments and there was improper jury instructions given.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts herein; however, it will briefly outline the most relevant facts of this case.

Petitioner is a federal inmate housed at Hazelton USP. He was convicted by a jury sitting in the United States District Court for the Eastern District of Virginia on eleven counts: one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin and methadone, seven counts of distribution and possession with intent to distribute heroin and methadone, one count of possession of a firearm in furtherance of a drug trafficking crime, one count of possession of a firearm by a felon and one count of witness intimidation. The District Court sentenced the Petitioner to imprisonment for life plus 60 months. The Fourth Circuit affirmed the Petitioner's conviction. Petitioner filed a motion to vacate his conviction with the Eastern District of Virginia, which the District Court denied. The Fourth Circuit denied a certificate of appealability and dismissed the appeal.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Petitioner's right to appeal this Court's Order. 28.U.S.C. § 636(b)(1);

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted by the *pro se* Petitioner on September 24, 2018. ECF No. 17. On October 1,

3

2018, Petitioner requested an extension of time to file objections and requested he be allowed to exceed the page limitation. ECF No. 18. The Court granted an extension until October 29, 2018 to file objections, but denied the request to exceed the page limitation. ECF No. 19. On October 5, 2018, Petitioner filed objections which exceeded the page limitation. ECF No. 20. However, on October 17, 2018, Petitioner filed objections which complied with the page limitation. ECF No. 22. Accordingly, this Court will review the Petitioner's specific objections to the R&R *de novo*. The Court will review the remainder of the R&R for clear error.

### III. DISCUSSION

Magistrate Judge Trumble recommends that the petition be dismissed because three of the Petitioner's claims were previously fully considered by other courts and the issues presented are matters properly considered in a § 2255 motion. While § 2255 contains a savings clause, Magistrate Judge Trumble determined that the Petitioner is not entitled to its application. In his objections, the Petitioner does not dispute that the issues presented in his petition are matters properly considered in a § 2255 motion. However, the Petitioner argues he is actually innocent and there has been a miscarriage of justice, setting forth the same arguments and facts previously set forth in his petition and memorandum. These arguments were considered by the magistrate judge when he issued the R&R.

Therefore, the Court finds that *de novo* review is not required because the Petitioner has failed to make specific objections to the magistrate judge's analysis as found within his R&R. Upon review and consideration of the R&R and objections in this matter, the Court finds this matter is properly considered in a § 2255 motion.

## IV. CONCLUSION

In sum, the Petitioner does not meet the requirements for the savings clause codified in 28 U.S.C. § 2256(e) and the Petitioner's claims cannot be considered under § 2241. Accordingly, upon careful review, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 16] is **ADOPTED** for the reasons more fully stated therein. The Petitioner's § 2241 Petition [ECF No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the Petitioner a Certificate of Appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Clerk is **DIRECTED** to strike this matter from the Court's active docket. The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein and to mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested.

**DATED:** November 7, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE